UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ELAINE MATTHEWS                                                                            PLAINTIFF

v.                                                   CIVIL ACTION NO. 3:14-CV-237-S

MEADE COUNTY, KENTUCKY                                         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Elaine Matthews, *pro se*, has filed a complaint naming as sole Defendant Meade County, Kentucky. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I. STATEMENT OF CLAIMS**

This is Plaintiff's seventh complaint in this Court alleging unconstitutional treatment of her due to her protesting what she contends was maltreatment of a deer, now deceased. (In yet another complaint, she sued one of the judges of this Court for what she alleged to be unfair treatment in the handling of her complaints filed in this Court.) In the instant complaint, she states that she sues Meade County "for injunctive relief in the form of a jury trial . . . so as to expose in the furtherance of justice what defendant has done to violate several of plaintiff's constitutional rights in the purposeful effort to stop plaintiff from protesting," which she alleges violated her First Amendment rights. She further states that she "would have the jury determine what dollar amount to put on that which has been done for it is beyond plaintiff's capacity to make such a determination, as some things are beyond monetary price, but as a frame of reference plaintiff has set a million dollars."

It appears from her complaint that, while protesting on what she contends is a public right-of-way, Plaintiff was arrested and put in jail for trespassing where "[w]ithin three hours . . . an employee by the name of Beverly told plaintiff of the condition that [Judge] Goff[1] required for plaintiff to be released from jail; that she could not enter into Meade county except for court appearances and dates." She states, "Plaintiff entered into an **AGREED ORDER** and gave up her right to protest on February 26, 2014, which was tendered by Jessica Brown Roberts[2] and signed by [Judge] Kenneth Harold Goff II." Plaintiff asserts that "[s]uch a condition violates Kentucky's RCr 4.12 and Amendment VIII, for [it] was excessive and totally not appropriate." She also alleges that it violates the Fourteenth Amendment and that the action was done "so as to further trample plaintiff's First Amendment rights."

## II. ANALYSIS

"Because federal courts are courts of limited jurisdiction, the plaintiff must establish subject matter jurisdiction." *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005). Federal courts hear only cases allowed under the Constitution or cases which Congress has entrusted to them by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Under the *Rooker-Feldman* doctrine, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), lower federal courts do not have subject-matter jurisdiction over claims seeking review of state court

---

[1] The Honorable Judge Goff is a district court judge in Meade County. He has previously been sued in this Court by Plaintiff.

[2] Ms. Brown is the Meade County Attorney. Plaintiff has twice sued her in this Court.

judgments. *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998). The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state-court determinations. *Feldman*, 460 U.S. at 482 n.16 ("By failing to raise his claims in state court a plaintiff may forfeit his right to obtain review of the state court decision in any federal court."). The doctrine also prevents both a direct attack of the substance of a state-court decision and a challenge to the procedures used by the state court in arriving at its decision. *Anderson v. Charter Twp. of Ypsilanti*, 266 F.3d 487, 493 (6th Cir. 2001). Consequently, the *Rooker-Feldman* doctrine demands that a party seeking review of a state-court judgment or presenting a claim that a state judicial proceeding has violated their constitutional rights to pursue relief through the state-court system. *Id.*

If the alleged injury results because of the state-court judgment itself, the *Rooker-Feldman* doctrine directs that the lower federal court lacks jurisdiction. "Under the *Rooker-Feldman* doctrine, lower federal courts lack subject-matter jurisdiction when, after state proceedings have ended, a losing party in state court files suit in federal court complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Such is the case here. The agreed order which Plaintiff references appears to be a state-court approved settlement agreement; such an agreement is a judgment. *Crestview Vill. Apartments v. U.S. Dep't of Hous. and Urban Dev.*, 383 F.3d 552, 556 (7th Cir. 2004). Therefore, the instant action is barred by the *Rooker-Feldman* doctrine. *See Anderson*, 266 F.3d

at 493.  If Plaintiff is unhappy with that agreement and seeks to have it rescinded, then her relief lies within the state-court system.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action.

Date:


cc:     Plaintiff, *pro se*
        Meade County Attorney
4411.009